UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:10-cv-80542-KLR

**APRIL B. DENSON, TERRI L. DUNMORE, TOMEIKO EVANS, EDSON GABRIEL and ARIALE D. LAWSON**, on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

**FFAM, INC.,** formerly d/b/a **FIRST FINANCIAL ASSET MANAGEMENT, INC.,** a foreign corporation**,**

    Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FFAM, INC.

Defendant FFAM, Inc. ("Defendant") files its Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiffs and states as follows:

1. Admitted for jurisdictional purposes only, except that Defendant specifically denies Plaintiffs are entitled to any relief whatsoever.

2. Admitted for jurisdictional purposes only, except that Defendant specifically denies Plaintiffs are entitled to any relief whatsoever.

3. Admitted.

4. Admitted for jurisdictional purposes only, except that Defendant specifically denies Plaintiffs are entitled to any relief whatsoever.

5. Admitted for jurisdictional purposes only, except that Defendant specifically denies Plaintiffs are entitled to any relief whatsoever.

6. Admitted for jurisdictional purposes only, except that Defendant specifically denies Plaintiffs are entitled to any relief whatsoever.

7. Admitted for jurisdictional purposes only, except that Defendant specifically denies Plaintiffs are entitled to any relief whatsoever.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied.

12. Admitted.

13. Admitted.

14. Admitted for jurisdictional purposes only, except that Defendant specifically denies Plaintiffs are entitled to any relief whatsoever.

15. Admitted for jurisdictional purposes only, except that Defendant specifically denies any wrongdoing or that Plaintiffs are entitled to any relief whatsoever.

16. Admitted for jurisdictional purposes only, except that Defendant specifically denies any wrongdoing or that Plaintiffs are entitled to any relief whatsoever.

17. As this calls for a legal conclusion, no response is necessary.

18. Denied.

19. Admitted only that Plaintiff Denson was employed by Defendant from December 2008 through June 2009; the remaining allegations are denied.

20. Admitted.

21. Admitted.

22. Denied.

23. Denied.

24. Defendant admits that Denson was at all relevant times a non-exempt employee and denies all remaining averments in paragraph 24.

25. Admitted only that Plaintiff Dunmore was employed by Defendant from December 2008 through April 2009; the remaining allegations are denied.

26. Admitted.

27. Admitted.

28. Denied.

29. Denied.

30. Defendant admits that Dunmore was at all relevant times a non-exempt employee and denies all remaining averments in paragraph 30.

31. Admitted only that Plaintiff Evans was employed by Defendant from December 2008 through July 2009; the remaining allegations are denied.

32. Admitted.

33. Admitted.

34. Denied.

35. Denied.

36. Defendant admits that Evans was at all relevant times a non-exempt employee and denies all remaining averments in paragraph 36.

37. Admitted only that Plaintiff Gabriel was employed by Defendant from December 2008 through December 2009; the remaining allegations are denied.

38. Admitted.

39. Admitted.

40. Admitted.

41. Denied.

3

42. Denied.

43. Defendant admits that Gabriel was at all relevant times a non-exempt employee and denies all remaining averments in paragraph 43.

44. Admitted only that Plaintiff Lawson was employed by Defendant from December 2008 through the present; the remaining allegations are denied.

45. Admitted.

46. Admitted.

47. Denied.

48. Denied.

49. Defendant admits that Lawson was at all relevant times a non-exempt employee and denies all remaining averments in paragraph 49.

50. Denied.

Defendant realleges and incorporates by reference herein its responses to paragraphs 1 through 50 above.

51. As this calls for a legal conclusion, no response is necessary.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Without knowledge; therefore denied.

58. Denied.

59. Denied.

60. Denied.

61.     As to the prayers for relief of Plaintiffs, Defendant denies that Plaintiffs are entitled to any legal, equitable, or other relief whatsoever, including liquidated damages, attorneys' fees, costs and interest.

62.     Each and every remaining allegations of the Complaint not specifically admitted or denied is hereby denied.

### FIRST AFFIRMATIVE DEFENSE

Each of Plaintiff's claims is barred in whole or in part by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Defendant is not a "successor" to National Financial Systems, Inc. ("NFS") and therefore is not liable to Plaintiff for any alleged violations of the FLSA by NFS.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. § 260, Fair Labor Standards Act ("FLSA"), without admitting that Defendant's acts or omissions giving rise to Plaintiffs' action violated the FLSA, Defendant avers that the acts or omissions on its part, if wrong, were committed in good faith and that Defendant had reasonable grounds for believing that such acts or omissions were not a violation of the FLSA.

### FOURTH AFFIRMATIVE DEFENSE

The work time that each Plaintiff claims was not included in determining his or her total hours in the workweek for purposes of computing the overtime he alleges is due was negligible in amount and, hence, were *de minimis*.

### FIFTH AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. § 259, without admitting that Defendant's acts or omissions giving rise to Plaintiffs' action violated the FLSA, Defendant avers that such acts or omissions on its

part, if wrong, were committed in good faith, in conformity with, and in reliance on written rulings or enforcement policies of the DOL.

### SIXTH AFFIRMATIVE DEFENSE

Each Plaintiff is estopped from bringing this action for overtime wages in an amount in excess of that asserted in any records kept of his or her working time for Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Each Plaintiff's claims are subject to set-off for all amounts overpaid to each Plaintiff by Defendant to which he was not otherwise entitled.

### EIGHTH AFFIRMATIVE DEFENSE

Each of Plaintiff's claims is subject to all limitations on recovery of damages as set forth under applicable state and federal law.

### NINTH AFFIRMATIVE DEFENSE

Each Plaintiff's claims are barred by the doctrine of latches.

### TENTH AFFIRMATIVE DEFENSE

Each Plaintiff's claims are barred by the doctrine of waiver and/or estoppels.

### ELEVENTH AFFIRMATIVE DEFENSE

Each Plaintiff's claims are limited to a two year statute of limitations because Plaintiffs cannot prove that defendant's violation of the FLSA was willful and intentional.

### TWELVTH AFFIRMATIVE DEFENSE

Because Defendant acted in good faith at all times Plaintiffs are not entitled to liquidated damages.

**WHEREFORE**, Defendant respectfully requests the Court enter an order dismissing this action, awarding Defendant its reasonable attorneys' fees and costs, and granting such further relief as it deems just and proper.

6

**CAREY RODRIGUEZ GREENBERG & PAUL, LLP**

/s/Patrick E. Gonya, Jr.
Patrick E. Gonya, Jr.
Florida Bar No. 0100020
pgonya@crgplaw.com
1395 Brickell Avenue
Suite 700
Miami, Florida 33131
Telephone: (305) 356-5478
Facsimile: (305) 356-3428

 - and -

Carol Burkett Hawkins, Esq.
*Motion for Limited Appearance Pending*
4805 Calais Court NE
Marietta, GA 30067
Telephone: (678) 516-0795
Facsimile: (770) 509-1509
canna2@bellsouth.net

***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of June, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which I understand will send notice of electronic filing to all of the following counsel of record:

**Service List**

Cathleen Scott, Esq.
Lindsay Hanson, Esq.
250 South Central Blvd.
Suite 104-A
Jupiter, FL 33548

*Attorneys for Plaintiffs*

                                                  /s/ Patrick E. Gonya, Jr.
                                                  Patrick E. Gonya, Jr.